In re Anonymous No. 91 D.B. 90

Disciplinary Board Docket No. 91 D.B. 90.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GILBERT, *Member,* March 31, 1992—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petitions for discipline.

## HISTORY OF PROCEEDINGS

On August 9, 1990, Office of Disciplinary Counsel (hereinafter petitioner) filed a petition for discipline against [respondent] which charged him with professional misconduct involving neglect, misrepresentations and incompetence. The two-count petition alleged that respondent had committed the following violations of the Disciplinary Rules of the Code of Professional Responsibility and Rules of Professional Conduct:

(a) D.R. 1-102(A)(4) and RPC 8.4(c)—which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

(b) D.R. 1-102(A)(5) and RPC 8.4(d)—which prohibits an attorney from engaging in conduct prejudicial to the administration of justice;

(c) D.R. 1-102(A)(6)—which prohibits an attorney from engaging in conduct which adversely reflects on his fitness to practice law;

(d) D.R. 6-101(A)(3)—which prohibits an attorney from neglecting a legal matter entrusted to him;

(e) RPC 1.1—which requires an attorney to provide competent representation to a client;

(f) RPC 1.3—which requires an attorney to act with reasonable diligence and promptness in representing a client;

(g) RPC 1.4(a)—which requires an attorney to keep a client informed about the status of a matter and promptly comply with reasonable requests for information; and

(h) RPC 3.2—which requires an attorney to make a reasonable effort to expedite litigation consistent with the interests of the client.

Respondent failed to file an answer within the prescribed period of time, expiring on September 3, 1990.

On September 5, 1990, the matter was referred to Hearing Committee [ ], chaired by [ ], Esq., and included members [ ], Esq., and [ ], Esq. A hearing was held on October 30, 1990.

In December 1990, both parties submitted briefs to the Hearing Committee. Petitioner's brief focused on the issue of appropriate discipline and recommended

suspension for one year and one day. Respondent's brief addressed the subject of mitigation and suggested that less harsh discipline was the appropriate remedy for the violations asserted.

On March 4, 1991, the Hearing Committee filed its report and recommended that respondent be suspended from the practice of law for one year and one day.

On March 28, 1991, respondent filed a brief on exceptions outlining 25 points of error, concluding that a private reprimand was the appropriate sanction.

Petitioner filed a brief in opposition on April 16, 1991, depicting the fact that respondent failed to detail his exceptions and present alternative findings. Petitioner concluded that the board should adopt the Hearing Committee's recommendation of a suspension for one year and one day.

The matter was adjudicated at the May 30, 1991, meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## FINDINGS OF FACT

The board adopts the following findings of fact noted by Hearing Committee [    ], which are amply supported by the evidence, testimony and stipulations presented by the parties throughout the course of these proceedings:

(1) Petitioner, whose principal office is located at 300 North Second Street, Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the

Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid Rules.

(2) Respondent was born in 1955. He obtained graduate degrees at both [   ] University in 1977, and the University of [   ] in 1984. In 1982, respondent completed a juris doctorate degree at [   ] School of Law.

(3) Respondent is an attorney admitted to practice law in the Commonwealth of Pennsylvania, having been admitted on May 5, 1984. Prior to May/June 1988, when he took a non-legal job of construction and carpentry, respondent maintained his principal office for the practice of law at [   ].

(4) Currently, respondent maintains a business and a residence at [   ].

## CHARGE I

(5) On January 21, 1988, [A] retained respondent to represent her in an uncontested "no-fault" divorce. At this initial meeting, a $125 retainer was exchanged from the client to respondent as partial payment of the $200 fee for respondent's services in the divorce proceeding.

(6) On January 29, 1988, respondent filed a complaint in divorce in [   ] County.

(7) The client was issued a complaint in divorce to personally serve on [A] (hereinafter, opposing party) and a form affidavit of consent for him to sign.

(8) In February 1988, the opposing party executed his signature on the affidavit of consent, but failed to date it.

(9)   The opposing party is of the contention that the only document he signed was the affidavit of consent. In opposition to this, respondent contends that the original document executed by the opposing party contained both an affidavit of consent and an acceptance of service. Furthermore, respondent claims to have destroyed the documents after spilling coffee on them.   He admits to altering the documents when the first page was re-typed and dated May 15, 1988.

(10)  In May 1988, in the margin of a vital statistics form, respondent notified the client that the remainder of his fee was due before completion of the divorce proceeding.   In or about May 15, 1988, the client fulfilled her financial obligation.

(11)  Between June and August 1988, the client implemented numerous phone calls to inquire about the status of her divorce proceeding.   Respondent failed to return these calls or to otherwise communicate with the client in any way.   Furthermore, respondent had failed to notify the client of his departure to a new office.

(12)  On September 2, 1988, respondent filed a praecipe to transmit the record and the file was assigned to Judge [C].

(13)  The judge's law clerk corresponded with respondent on October 21, 1988, informing him that his file was deficient.

(14)  On December 12, 1988, the law clerk executed a second letter offering to initiate a meeting between the respondent and the judge to resolve the deficiencies. Failing to respond, respondent abandoned the case.

(15) At the conclusion of 1988, the client had become so frustrated with respondent's handling of her divorce proceeding that the client demanded a return of the money she had expended.

(16) Respondent administered a personal check to refund the client's fees, but the account held insufficient funds. When the client contacted respondent about the dishonored check, he reimbursed her in cash.

(17) In early 1989, the client retained another attorney who finalized her divorce on June 16, 1989.

## CHARGE II

(18) In December 1987, the Pennsylvania Department of Transportation notified [D] that his current six-month driver's license suspension was being extended for five years.

(19) In January or February 1988, [D] met with respondent regarding an appeal of the extended suspension. [D] testified that at that time the 30-day appeal period had not expired. Respondent disputes that conclusion. Regardless, respondent agreed to represent [D] and pursue whatever legal remedies were available.

(20) Having remitted a $400 attorney's fee in February 1988, the client executed certain documents he surmised would be utilized for his appeal process.

(21) Respondent was of the mistaken contention that he had filed a petition, but in fact he failed to file any document or to take any action on behalf of his client to appeal the suspension determination.

(22) In March and April 1988, the client attempted to contact respondent on numerous occasions, but was unsuccessful in most instances. When respondent was

reached, he misrepresented the status of the case in replying that "he was making progress" and "waiting for a hearing date."

(23) On July 29, 1988, PennDOT issued correspondence to the client which stated, "you are not eligible for (driver's license) restoration until May 7, 1993."

(24) Upon receipt of this notification, the client retained the services of [E], Esq. (hereinafter, new counsel) to represent him in his license suspension proceeding.

(25) Respondent dispatched both the file and a $400 refund of legal fees to the new counsel. The personal check for $400 was returned due to insufficient funds in respondent's account. At that time, he submitted two money orders to the client for reimbursement purposes.

(26) At present, the client remains suspended of his driver's license until 1993 since PennDOT refused to open his case to the client's new counsel.

## CONCLUSIONS OF LAW

Respondent has been found guilty of violating the following Disciplinary Rules:

### CHARGE I

(a) RPC 1.1—which requires an attorney to provide competent representation to a client;

(b) RPC 1.3—which requires an attorney to act with reasonable diligence and promptness in representing a client;

(c) RPC 1.4(a)—which requires an attorney to keep a client informed about the status of a matter and

promptly comply with reasonable requests for information;

(d) RPC 3.2—which requires an attorney to make a reasonable effort to expedite litigation consistent with the interests of the client;

(e) RPC 8.4(c)—which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and

(f) RPC 8.4(d)—which prohibits an attorney from engaging in conduct prejudicial to the administration of justice.

## CHARGE II

(a) D.R. 1-102(A)(4) and RPC 8.4(c)—which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

(b) D.R. 1-102(A)(6)—which prohibits an attorney from engaging in conduct which adversely reflects on his fitness to practice law;

(c) D.R. 6-101(A)(3)—which prohibits an attorney from neglecting a legal matter entrusted to him;

(d) RPC 1.1—which requires an attorney to provide competent representation to a client;

(e) RPC 1.3—which requires an attorney to act with reasonable diligence and promptness in representing a client;

(f) RPC 1.4(a)—which requires an attorney to keep a client informed about the status of a matter and promptly comply with reasonable requests for information; and

(g) RPC 1.4(b)—which requires an attorney to explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation.

## DISCUSSION

The board concurs with the Hearing Committee's determination that respondent's actions involving neglect, misrepresentation and incompetence warrant discipline. It is the board's responsibility to protect the public from unfit practitioners and to preserve public confidence in the integrity of the bar. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987). Therefore, the sole issue for determination is the appropriate disciplinary sanction to be imposed in light of these transgressions.

A two-count petition was executed against respondent on August 9, 1990. The first count involved a "no-fault" divorce proceeding which respondent never completed. This basic matter lingered on for one year due to his lack of diligence in satisfying the deficiencies in the client's filed documents. The consequence was that the administration of justice was prejudiced in this case.

The second count involved a license suspension never appealed by the respondent. Throughout his representation, however, the client was under the false impression that his claim was being advanced because of respondent's misrepresentations.

In both cases, respondent's conduct reflects his failure to keep his clients informed, as well as giving them misinformation on the status of their cases when com-

munication was established. Also, it is clear that respondent failed to pursue the legal matters with reasonable diligence or to expedite litigation in the interests of the clients.

The primary purpose of our system of lawyer discipline is to protect the public. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 281, 472 A.2d 186, 190 (1983). Sanctions are to be imposed in accord with the misconduct and based on the circumstances unique to each particular case. *Id.,* 472 A.2d at 190.

In cases involving an attorney's neglect and misrepresentation, the Supreme Court of Pennsylvania has held that a suspension is the appropriate discipline. *In re Anonymous No. 62 D.B. 81,* 27 D.&C.3d 148 (1983). It is the attorney's duty to pursue the legal matters entrusted to the attorney or to properly withdraw from representation. *In re Anonymous No. 7 D.B. 86,* 49 D.&C.3d 165 (1988). If the attorney instead chooses to neglect a case while failing to inform the client of the true status of the matter, a suspension from the practice of law may be imposed as in the case of *In re Anonymous No. 32 D.B. 80,* 24 D.&C.3d 423 (1982).

Respondent's neglectful conduct and active misrepresentation involved the even more serious action of altering an already executed legal document in the divorce proceeding. Such an action has been held to be "professionally irresponsible and deserving of discipline" even if the attorney is not profited by his action. *In re Anonymous No. 49 D.B. 80,* 25 D.&C.3d 13 (1982). Furthermore, respondent portrayed an inability to acknowledge his errors and accept responsibility for his misconduct. In the final analysis,

respondent's conduct raises serious questions as to his competence to practice law at this time.

In a similar case, *In re Anonymous No. 56 D.B. 82,* 35 D.&C.3d 180 (1984), one of the charges alleged that the respondent had intentionally altered the dates on two affidavits of consent in a divorce proceeding. In that case, the board concurred with the Hearing Committee in concluding; even though there may be explanations why an attorney may take "short cuts in his practice where he may have assumed that no harm to his clients would result," it is unacceptable for an officer of the court to be dishonest in a court proceeding. The Supreme Court of Pennsylvania issued a one-year suspension.

In the instant case, in his defense, respondent argues that he was suffering from personal problems and financial difficulties in the relatively short period of time in which these events took place. However, no convincing evidence was presented to the Hearing Committee that such conditions in fact deprived him of an ability to understand the gravity of his conduct or an awareness of right and wrong. *In re Anonymous No. 84 D.B. 87,* 3 D.&C.4th 104 (1988) (evidence is needed to evaluate whether something is a mitigating factor).

Respondent also argues that in the end, none of the clients suffered any hardship. This begs the question as to respondent's definition of harm. The board believes that prejudice existed in the divorce proceeding since respondent's actions postponed the trial decree one entire year, to the inconvenience of both the husband and wife. Although the board did not conclude that

prejudice existed in the license suspension proceeding, that client was inconvenienced just as the client in the first matter, by the painful and circuitous route the respondent took to return their fees.

The board recognizes as mitigating factors, respondent's absence of prior discipline and his claim of inexperience in the practice of law. However, this is balanced against the indisputable fact that even in the brief interim he did practice law, respondent's actions raised such serious questions as to his competence and integrity that an action to protect the public is required. A suspension may be the appropriate sanction for cases of neglect and misrepresentation even in cases where no prior discipline has been administered and it can not be mitigated by personal misfortunes. *In re Anonymous No. 62 D.B. 81,* 27 D.&C.3d 148 (1983).

Therefore, because of respondent's pattern of neglect and nonfeasance, aggravated by his actions of misrepresentation as to the status of cases he was handling and the alteration of a legal document, the board recommends respondent be suspended from the practice of law for one year and one day.

## RECOMMENDATION

Based upon the foregoing discussion, the Disciplinary Board respectfully recommends to your honorable court that respondent [   ] be suspended from the practice of law for a period of one year and one day.

The board recommends further that respondent be ordered to pay the expenses of investigating and prosecuting this matter, pursuant to Rule 208(g), Pa.R.D.E.

Messrs. Eckell, Hill, Leonard and Sloane did not participate in the adjudication.

## ORDER

And now, March 31, 1992, upon consideration of the report and recommendations of the Disciplinary Board dated July 15, 1991, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g) Pa.R.D.E.